Submitted February 4, affirmed March 30, 2022

C. L. C.,
*Petitioner-Respondent,*
*v.*

Brandon K. CORDELL,
*Respondent-Appellant.*

Douglas County Circuit Court
20SK02388; A175323

508 P3d 73

Jason R. Thomas, Judge pro tempore.

Brandon Cordell filed the brief *pro se.*

Ted A. Martin filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Respondent appeals the judgment concerning a stalking protective order (SPO) under ORS 30.866(1), arguing that the evidence does not support the trial court's findings and that the court's conclusion that the requirements for the issuance of an SPO were met was legal error.[1] We find respondent's arguments unavailing and affirm the trial court's order.

This case arose in conjunction with a contentious dissolution and child custody matter. One judge presided over multiple hearings concerning dissolution, child custody, and ultimately issued the stalking protective order on appeal.

Absent *de novo* review, which respondent does not request, "[w]e review the trial court's factual findings for any supporting evidence and its legal conclusions for legal error." *Proffitt v. Jones*, 309 Or App 108, 109, 481 P3d 415 (2021). "[W]e view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record is legally sufficient to permit that outcome." *Id*.

To obtain an SPO, a petitioner must establish by a preponderance of the evidence:

"(1)   that the respondent engaged in 'repeated and unwanted contact' with the petitioner;

"(2)   that the petitioner was subjectively alarmed or coerced by the contact and that such alarm or coercion was objectively reasonable;

"(3)   that the petitioner subjectively experienced apprehension about personal safety as a result of the contact and that such apprehension was objectively reasonable; and

"(4)   that the respondent acted with the requisite mental state."

---

[1] Respondent also argues that his conduct was protected speech under the provisions of Article I, section 8, of the Oregon Constitution. That argument is without merit and we reject it without discussion.

*Id*. at 113 (quoting ORS 30.866(1)). Respondent challenges the sufficiency of the evidence and the trial court's conclusions concerning those elements.

The trial court carefully considered the evidence and made express credibility findings in favor of petitioner and her witness. Those findings make it clear that the trial court found petitioner more credible concerning three separate incidents: (1) respondent violently confronting and injuring petitioner on July 8, 2020; (2) respondent attaching a "fleet tracker" to petitioner's vehicle in order to observe her movements; and (3) respondent unlawfully intruding into petitioner's apartment on September 11, 2020. The trial court determined, among other things, that "it would be objectively reasonable for a person in the Petitioner's situation to have been alarmed or coerced by the contact." Although respondent's version of events differed from petitioner's, there is evidence in the record sufficient to support the trial court's findings, and the trial court's conclusion that petitioner established the necessary elements under ORS 30.866(1) was not legal error.

Affirmed.