No. 503 July 17, 2024 831

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

L. E. K,
*Petitioner-Respondent,*

*v.*

SPENCER SLADE ELBERT,
*Respondent-Appellant.*

Baker County Circuit Court
23SK02326; A182155

Kirsten E. Thompson, Judge.

Argued and submitted June 14, 2024.

George W. Kelly argued the cause and filed the briefs for appellant.

Laura E. Klement argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

PER CURIAM

Reversed.

## PER CURIAM

Respondent appeals the trial court's entry of a judgment issuing a permanent stalking protective order (SPO) under ORS 30.866(1).[1] Respondent raises one assignment of error, contending that the trial court erred in concluding that the requirements for the issuance of an SPO were met. In particular, respondent contends that the evidence in the record does not support the trial court's finding that respondent's conduct caused petitioner an objectively reasonable fear for her personal safety. We agree that the evidence in the record does not support the trial court's determination that petitioner's alarm was objectively reasonable. Thus, we reverse.

In reviewing a trial court's judgment issuing an SPO, "[w]e review the trial court's factual findings for any supporting evidence and its legal conclusions for legal error. We view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record is legally sufficient to permit that outcome." *C. L. C. v. Cordell*, 318 Or App 654, 655, 508 P3d 73 (2022) (internal citation and quotation marks omitted).

"To obtain an SPO under Oregon's civil stalking statute, [ORS 30.866,] a petitioner must establish the following elements by a preponderance of the evidence:

"(1)  that the respondent engaged in 'repeated and unwanted contact' with the petitioner;

"(2)  that the petitioner was subjectively alarmed or coerced by the contact and that such alarm or coercion was objectively reasonable;

---

[1]  ORS 30.866(1) provides that:

"A petitioner may bring a civil action in a circuit court for a court's stalking protective order or for damages, or both, against a respondent if:

"(a) The respondent intentionally, knowingly or recklessly engages in repeated and unwanted contact with the petitioner or a member of the petitioner's immediate family or household thereby alarming or coercing the petitioner;

"(b) It is objectively reasonable for a person in the petitioner's situation to have been alarmed or coerced by the contact; and

"(c) The repeated and unwanted contact causes the petitioner reasonable apprehension regarding the personal safety of the petitioner or a member of the petitioner's immediate family or household."

"(3)    that the petitioner subjectively experienced apprehension about personal safety as a result of the contact and that such apprehension was objectively reasonable; and

"(4) that the respondent acted with the requisite mental state."

*H. L. P. v. Jones*, 309 Or App 108, 113, 481 P3d 415 (2021).

The record supports the trial court's findings that respondent engaged in unwanted contacts with petitioner by repeatedly riding his bicycle past her house; that he did so intentionally, knowingly, or recklessly; and that those contacts caused petitioner to subjectively fear for her personal safety.

However, ORS 30.866(1) also requires that respondent's contacts caused petitioner an objectively reasonable fear for her personal safety. The record before us references various other contacts—those at petitioner's place of employment, and those at or near petitioner's home. Petitioner testified that one time, while the parties were still in their relationship and six months before the bicycle riding began, respondent blocked petitioner with his body as she attempted to leave his house. She also testified that, on another occasion, again while they were still in their relationship and almost a year before the bicycle riding began, respondent slapped her in the face.

In its ruling from the bench, the trial court reasoned that one of the prior incidents described by petitioner made petitioner's fear of the bicycle riding objectively reasonable. The court found:

"[G]iven that there was a history of at least one incidence of conflict where the Respondent prevented the * * * or attempted to prevent the Petitioner from leaving * * * Petitioner had a reasonable apprehension regarding her personal safety."

It is not entirely clear which incident the trial court was referring to, but it appears to have been referring to the blocking incident. The trial court made no mention of the alleged slap. The evidence in the record about the nature and circumstances of those acts, which occurred many months before the bicycle riding, is legally insufficient to

allow a reasonable inference that the parties' past relationship was "so characterized by violence or abuse" as to make the more recent contacts objectively threatening. *See J. L. B. v. Braude*, 250 Or App 122, 130, 279 P3d 290 (2012) (explaining that two prior incidences of the respondent's threatening and violent behavior toward the petitioner and their daughter did not create an objectively reasonable fear for the petitioner's personal safety when the respondent repeatedly drove by the petitioner's house and took pictures, because "the parties' past relationship was not so characterized by violence or abuse as to make the more recent contacts objectively threatening").

We conclude, for that reason, that the record is legally insufficient to support the issuance of an SPO; although respondent's contacts with petitioner may have caused petitioner subjective alarm, in light of the legal framework in which we consider SPOs and the limited evidence in the record, we cannot conclude that such alarm was objectively reasonable. Accordingly, we conclude that the trial court erred in issuing the SPO.

Reversed.