298 October 15, 2025 No. 909

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

P. N. K.,
*Petitioner-Appellant,*

*v.*

J. R.,
*Respondent-Respondent.*

Lane County Circuit Court
24SK02787; A185119

Jay A. McAlpin, Judge.

Argued and submitted September 9, 2025.

Heather Marek argued the cause for appellant. Also on the brief was Oregon Law Center.

No appearance for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Reversed and remanded.

**JACQUOT, J.**

Petitioner appeals from the denial of a temporary stalking protective order (SPO) under ORS 30.866. In her only assignment of error, petitioner argues that the trial court improperly interpreted ORS 30.866 to provide that SPOs are only available when "someone [is] following you around and being in places you weren't expecting them to be." For the reasons below, we reverse and remand.

Petitioner filed for an SPO based on aggressive behavior by respondent.[1] At an *ex parte* hearing, petitioner testified that respondent's behavior was "progressively getting violent" in the weeks leading up to the hearing. Petitioner recounted that, over multiple days, respondent had threatened to kill her, attempted to strangle her, beat her with a baseball bat, punched her, prevented her from leaving the residence, and headbutted a youth whom petitioner considered family in her presence.

The trial court considered petitioner's testimony and petition and then acknowledged that the situation was "really scary" and "really dangerous." The court also remarked that respondent had assaulted petitioner and that the threats to kill her were "a crime." That is, as we understand it, the trial court found petitioner to be credible. However, the court concluded that it could not grant an SPO because this was "not a stalking situation." The court explained that "stalking is what you imagine stalking is. It's someone following you around." The court denied petitioner's request for an SPO and petitioner subsequently appealed.

Absent *de novo* review, which petitioner does not request, "[w]e review the trial court's factual findings for any supporting evidence and its legal conclusions for legal error." *C. L. C. v. Cordell*, 318 Or App 654, 655, 508 P3d 73 (2022). "[W]e view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record is legally sufficient to permit that outcome." *Id.*

---

[1] The record reflects that petitioner and respondent lived together for a period of time, though it is not clear whether they were still living together at the time of the hearing. Respondent does not appear on appeal.

Petitioner argues that the trial court misinterpreted the relevant statute by improperly concluding that an SPO can only be granted when the conduct at issue is "what you would imagine stalking is[,] *** someone following you around." We review statutory construction for legal error. *State ex rel Rosenblum v. Living Essentials, LLC*, 371 Or 23, 33, 529 P3d 939 (2023). Under *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009), we first examine the text and context of statute. We then consider the pertinent legislative history, which we may consult if it "appears useful to the court's analysis." *Id*. at 172.

ORS 30.866(1) states that a petitioner may seek an SPO against a respondent if:

"(a)   The respondent intentionally, knowingly or recklessly engages in repeated and unwanted *contact* with the petitioner or a member of the petitioner's immediate family or household thereby alarming or coercing the petitioner;

"(b)   It is objectively reasonable for a person in the petitioner's situation to have been alarmed or coerced by the *contact*; and

"(c)   The repeated and unwanted *contact* causes the petitioner reasonable apprehension regarding the personal safety of the petitioner or a member of the petitioner's immediate family or household."

(Emphases added.) We have previously determined that repetitious, threatening, violent behavior qualifies as a "contact" that entitles a petitioner to an SPO. *C. L. C.*, 318 Or App at 656 (defendant "violently confronting and injuring" plaintiff). At least two unwanted contacts that create "a threat of physical injury" are sufficient for a grant of an SPO. *M. F. v. Baker*, 325 Or App 787, 789, 530 P3d 142 (2023) (internal quotation marks and citation omitted); *see* ORS 30.866(1)(c) ("*repeated* and unwanted contact" allows a petitioner to bring a civil action for a stalking protective order (emphasis added)). The trial court may also enter an SPO based on allegations that the respondent engaged in "committing a crime against the other person ***." ORS 163.730(3)(g).

Here, petitioner alleged that respondent was physically violent towards her on at least two separate occasions.

On one occasion, respondent shoved petitioner into a corner (and said he had the ability to make petitioner disappear). On another occasion, respondent tried to wrap a wire around petitioner's neck (and threatened to kill her). Respondent engaged in more than two physically violent contacts and thus petitioner was entitled to a temporary SPO.

Reversed and remanded.